Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ELVIA CABRERA RIVERA<br><br>Peticionaria | TA2026CE00308 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia,<br>Sala de Superior de Aibonito<br><br>Caso Núm.:<br>B LA2025G0103<br>B VI2025G0009<br><br>Sobre:<br>INFR. ART. 6.06 L.A.<br>INFR. ART. 93 (A) C.P. |

Panel integrado por su presidenta la Jueza Grana Martínez, el Juez Ronda Del Toro, la Jueza Lotti Rodríguez.

*Grana Martínez, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de marzo de 2026.

La peticionaria, señora Elvia Cabrera Rivera nos solicita que revisemos la Minuta-Enmendada notificada por el Tribunal de Primera Instancia (TPI) el 11 de marzo del año en curso. Mediante la misma el foro primario denegó la solicitud de recusación motivada del candidato a jurado número cuarenta y cuatro (44) durante la desinsaculación del jurado celebrada el 27 de febrero de 2026.

El 16 de marzo del año en curso emitimos una Resolución en donde le concedimos hasta este miércoles 18 de marzo al Ministerio Publico para expresarse en torno a la expedición del auto. Al siguiente día, la peticionaria presentó *Una Urgentísima Solicitud en Auxilio de Jurisdicción.* Mediante dicha petición urgente señala que los procedimientos de desinsaculación en el presente caso continúan el 18 de marzo de 2026 a las 9:00 a.m. Por lo que arguye existe un peligro real e inminente de que durante dicha vista quede finalmente constituido el jurado definitivo que habrá de juzgar a la peticionaria, afectando su derecho a un juicio

imparcial. Sostiene que nuestra intervención es necesaria para evitar que el proceso continúe bajo un error que afecta la integridad del procedimiento de desinsaculación del jurado y, evitar un perjuicio irreparable a los derechos de la acusada. Acogemos su solicitud y conforme el poder inherente que tiene todo tribunal para constituir los remedios necesarios que hagan efectiva su jurisdicción y eviten fracasos en la administración de la justicia, dejamos sin efecto la Resolución del 16 de marzo, expedimos y revocamos la determinación recurrida.

Los hechos esenciales para comprender nuestra determinación son los siguientes.

II

<u>HECHOS PROCESALES PERTINENTES</u>

La señora Cabrera Rivera enfrenta acusaciones por el delito de asesinato y por la portación y uso de arma blanca en violación al Artículo 6.06 de la Ley de Armas, 25 LPRA sección 466e. Durante la desinsaculación del jurado, su abogada le preguntó al candidato a jurado número 44 que haría si, luego de presentada la prueba del Ministerio Público, tuviese dudas y no sabe si su representada es inocente o culpable. El candidato a jurado número 44 contestó que la declararía culpable. La defensa solicitó la intervención del tribunal. Según consta en la Minuta Enmendada, el tribunal, (1) repitió la pregunta al jurado núm. 44, (2) lo instruyó ampliamente, sobre el concepto de duda razonable y, (3) que el veredicto debe ser de no culpable, cuando la prueba del ministerio público no es convincente. No obstante, el candidato a jurado número 44 reiteró que encontraría a la acusada culpable. Por tal razón, la defensa solicitó su recusación motivada. **El TPI sin objeción del Ministerio Público denegó la solicitud.** La representación legal de la señora Cabrera Rivera pidió reconsideración, la cual fue denegada por el foro primario. La

defensa de la peticionaria solicitó entonces la recusación perentoria del jurado núm. 44.

Inconforme con la decisión emitida la peticionaria presentó este recurso en el que alega que:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE RECUSACIÓN MOTIVADA DEL CANDIDATO A JURADO NÚMERO CUARENTA Y CUATRO (44), EDWIN GERALD RODRÍGUEZ ORTIZ, A PESAR DE NO TENER LA ENTERA Y COMPLETA CAPACIDAD DE SER UN JURADO JUSTO E IMPARCIAL EN CRASA VIOLACION AL DEBIDO PROCESO DE LEY, AL ARTÍCULO II DE LA SECCIÓN 11 DE LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO Y A LA REGLA 121 (E) DE PROCEDIMIENTO CRIMINAL.

### III

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal subalterno. 32 LPRA sec. 3491; *Pueblo v. Díaz De León,* 176 DPR 913, 917 (2009).

Cónsono con lo anterior, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 establece que el Tribunal de Apelaciones tendrá autoridad para revisar, como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y, de forma discrecional, cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia. 4 LPRA sec. 24 (u). El Tribunal de Apelaciones tiene competencia para atender mediante auto de certiorari, expedido a su discreción, cualquier resolución u orden dictada por el Tribunal de Primera Instancia. 4 LPRA sec. 24 (y).

Ahora bien, el auto de certiorari es un recurso altamente discrecional, razón por la cual la resolución denegando el mismo no tiene que ser fundamentada. H. A. Sánchez Martínez, *Práctica Jurídica de Puerto Rico, Derecho Procesal Apelativo,* Lexis Nexis de Puerto Rico, Inc., 2001, pág. 385; *Pueblo v. Tribunal Superior y González, Interventor,* 81 DPR 904, 911 (1960); *Pérez v. Corte,* 58

DPR 450, 451 (1941). Debe expedirse el mismo con cautela y por razones de peso. *Pueblo v. Díaz De León*, supra, pág. 918; *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). En virtud del carácter extraordinario del mismo, debe limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado. *Pueblo v. Díaz De León*, supra.

En armonía con lo anterior, la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 40, dispone que para expedir un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

## EL JUICIO POR JURADO

El derecho de todo acusado por un delito grave a ser juzgado por un jurado imparcial, está consagrado en la Sexta Enmienda de la Constitución de Estados Unidos y en la Sec. 11 del Art. II de la Constitución de Puerto Rico. *Pueblo v Centeno*, 208 DPR 1, 10-11 (2021). Los constituyentes impusieron al Estado en la sección

citada la obligación de demostrar la culpabilidad del acusado más allá de duda razonable.

El proceso de desinsaculación del jurado sirve para que el acusado y el Pueblo de Puerto Rico, se aseguren que sus miembros pueden actuar libres de perjuicio y de interés. La Regla 121 de Procedimiento Criminal, gobierna el proceso de desinsaculación, a los efectos dispone lo siguiente:

> La recusación motivada de un jurado podrá hacerse por cualquiera de los siguientes fundamentos:
>
> (a) Que no es elegible para actuar como tal.
> (b) Que tiene parentesco de consanguinidad o afinidad dentro del cuarto grado con el acusado, su abogado, el fiscal, con la persona que se alega agraviada o con aquélla cuya denuncia motivó la causa.
> (c) Que tiene con el acusado o con la persona que se alega agraviada relaciones de tutor y pupilo, de abogado y cliente, de patrono y empleado, o de propietario e inquilino; que es parte contraria al acusado en una causa civil, o que lo ha acusado o ha sido acusado por él en un proceso criminal.
> (d) Que ha actuado en un jurado que ha juzgado a otra persona por los mismos hechos que motivan la acusación, o ha pertenecido a otro jurado que juzgó la misma causa, o que tiene conocimiento personal de hechos esenciales en la causa.
> (e) Que no puede juzgar la causa con completa imparcialidad. No será motivo de incapacidad para actuar como miembro del jurado el hecho de que la persona haya formado o expresado su opinión acerca del asunto o causa que haya de someterse a la deliberación de aquél, si dicha opinión se funda en rumores públicos, manifestaciones de la prensa, o en la notoriedad del caso, siempre que a juicio del tribunal, previa la declaración que bajo juramento o en otra forma preste, la persona esté en aptitud, no obstante dicha opinión, de actuar con entera imparcialidad y rectitud en el asunto que a ella haya de someterse. 34 LPRA Ap. II R. 121.

El legislador estableció que las recusaciones motivadas podían realizarse por seis fundamentos específicos. El listado incluye la incapacidad de prospecto jurado para juzgar la causa con incompleta imparcialidad.  La cantidad de recusaciones

motivadas que tienen disponible la defensa y el Pueblo es ilimitada, siempre y cuando se cumplan los criterios establecidos en la Regla 121, *supra*. No obstante, la situación es distinta en las recusaciones perentorias porque no tienen que estar fundamentadas, pero existe un límite a la cantidad que pueden solicitarse. Tanto la defensa como el Ministerio Público tiene derecho a diez recusaciones perentorias en los casos de asesinato. La cantidad se reduce a siete recusaciones compulsorias en los demás casos. 34 LPRA Ap. II, R. 123.

III

La peticionaria sostiene que el TPI cometió un error de derecho, porque denegó la recusación motivada de un candidato a jurado que manifestó su incapacidad para aplicar el estándar de duda razonable. Su representación legal aduce que ese error ocasionó un perjuicio irrazonable a su clienta, porque la obligó a agotar una recusación perentoria.

La representación legal de la peticionaria tiene razón. El TPI cometió error de derecho al no autorizar la recusación motivada del candidato a jurado núm. 44. La expedición de este recurso es necesaria para corregir ese error y evitar un fracaso de la justicia. La incapacidad de un candidato a jurado para comprender el significado del concepto de duda razonable demuestra que no está apto para juzgar con imparcialidad. Un candidato a jurado, que no entiende el significado de la duda razonable y de la culpabilidad más allá de duda razonable está incapacitado para emitir un veredicto justo e imparcial. El candidato a jurado núm. 44 demostró que no entiende ambos conceptos. Este fue enfático en que encontraría a la peticionaria culpable, si existía dudas sobre su culpabilidad. Según consta en la Minuta Enmendada el propio tribunal instruyó al candidato a jurado núm. 44 ampliamente sobre el concepto de duda razonable. Igualmente, fue instruido de

que debía emitir un veredicto de no culpable, si la prueba del Ministerio Público no era convincente. Aun así, el candidato a jurado núm. 44 insistió en que si tenía dudas su veredicto seria de culpabilidad. Por consiguiente, es forzoso concluir que su permanencia en el jurado pone el riesgo el derecho de la peticionaria a ser encontrada culpable más allá de duda razonable.

El error de derecho que cometió el TPI tampoco puede reducir la cantidad de recusaciones perentorias que el legislador concedió a la acusada. La defensa se ha visto obligada a utilizar el mecanismo de recusación perentoria para poder excluir como jurado al jurado núm. 44. El error del TPI causó perjuicio a la acusada, porque redujo sus oportunidades para solicitar la recusación perentoria de los posibles futuros jurados. El foro primario estaba obligado a recursar de forma motivada al jurada núm. 44, porque su selección como jurado atenta contra los derechos constitucionales de la acusada a juicio justo e imparcial y a ser encontrada culpable más allá de duda razonable.

IV

Por las razones antes expresadas, se expide el recurso para revocar la determinación recurrida y se ordena la recusación motivada del candidato a jurado núm. 44.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones